## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

NANCY WATSON,                          )
                                       )
                   Plaintiff,          )
                                       )
vs.                                    )        Case No. CIV-08-756-M
                                       )
MERIDIAN TECHNOLOGY CENTER,            )
a political subdivision of the State of )
Oklahoma, and RITA HENDERSON,          )
                                       )
                   Defendants.         )

## ORDER

Before the Court is defendants' Motion to Dismiss, filed December 9, 2008.[1]  On January

5, 2009, plaintiff filed her response, and on January 19, 2009, defendants filed their reply.

I.      Introduction[2]

        Plaintiff first began employment with defendant Meridian Technology Center ("Meridian")

in or around October 1979 and worked until May 1983 as a teaching assistant and instructor in

Culinary Arts.  She began her second period of employment with Meridian on or around June 1991

and was employed as an Instructor/Coordinator of Culinary Arts.  Plaintiff worked without incident

and with satisfactory employment evaluations until August 2006.

        Prior to the start of school for the 2006-2007 school year, plaintiff chose to undergo breast

reduction surgery at the suggestion of her physician as a way to alleviate shoulder and back pains

plaintiff experienced.  After a successful surgery, plaintiff's doctor signed a work release allowing

plaintiff to return to work on a half-day basis for ten days.  During this period of time, instructors

_____

        [1]Defendants attached numerous documents to their Motion to Dismiss.  The Court did not
consider any of these documents in making its determination.

        [2]The facts set forth in this introduction are based upon plaintiff's Complaint.

at Meridian were participating in in-service training during the morning hours, and plaintiff asked for accommodation to attend the training part-time. Meridian denied the request. Plaintiff alleges that other employees with Meridian were allowed to return to work on a part-time basis following injury or surgery.

Defendant Rita Henderson ("Henderson"), the Director of Full-time Programs at Meridian and plaintiff's supervisor, informed plaintiff that she could return to teaching on August 21, 2006, which would be at the conclusion of the ten-day, half-time period set forth in the doctor's release. When plaintiff reported to work on August 21, 2006, she was informed by a younger teaching assistant, in front of plaintiff's students, that the teaching assistant, and not plaintiff, would be teaching the class. Plaintiff alleges that she was prohibited from teaching her class for approximately two weeks without good cause and that during this time, she was forced to sit in her own classroom and watch a younger, less experienced teaching assistant perform work plaintiff was contracted to do.

Additionally, plaintiff alleges that at the direction of Henderson, plaintiff was the only instructor directed to report to a program coordinator every morning at 7:35 a.m. before school began in order to inform personnel what the teaching subject was for the day. Plaintiff also alleges that defendants demanded that plaintiff submit specific, formal lesson plans. Further, plaintiff alleges that during the evaluation process for the 2006-2007 school year, Henderson threatened plaintiff by stating that she could put plaintiff on an improvement plan.

Plaintiff alleges that the harassment over lesson plans and teaching continued throughout the 2006-2007 school year, as did further attempts to force plaintiff out of her job through the constant criticism and disrespect coming mostly from Henderson. Because of the harassment and resulting

2

stress it caused plaintiff, she submitted her resignation at the end of the 2006-2007 school year and informed the individuals in her exit interview that she was doing so reluctantly and because of the harassment she was receiving from Henderson, principally.

On July 21, 2008, plaintiff brought the instant action against defendants alleging (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq.; (2) age discrimination in violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101, et seq; and (3) intentional interference with contractual and employment relations.  Defendants now move the Court to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

II.   Standard of Review

The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  *Id.* (internal quotations and citations omitted).

III.   Discussion

A.   OADA claim

In her Second Cause of Action, plaintiff alleges that Meridian violated the OADA by discriminating against her because of her age.  The OADA does not provide a private right of action to a person aggrieved by age discrimination practices.  *See Saint v. Data Exch., Inc.*, 145 P.3d 1037 (Okla. 2006).  Accordingly, the Court finds that plaintiff can not maintain a cause of action for violation of the OADA and that plaintiff's Second Cause of Action should be dismissed.

In her response, plaintiff asserts that a plaintiff can maintain a *Burk*-tort cause of action for age discrimination as a violation of Oklahoma's public policy as set out in the OADA.  While this is an accurate statement of the law, having reviewed plaintiff's Complaint, the Court finds that plaintiff has not alleged a *Burk*-tort cause of action in her Second Cause of Action.  In her response, however, plaintiff also requests an opportunity to amend her complaint to assert a *Burk*-tort cause of action if the Court finds that she has not already asserted one.  In light of the Court's ruling regarding plaintiff's ADEA claim, the Court finds it would be futile to allow plaintiff to amend her complaint to assert a *Burk*-tort cause of action.

B.   ADEA claim

In their motion, defendants contend that plaintiff's Complaint does not contain sufficient allegations to give them fair notice of plaintiff's claims and the grounds upon which they rest. Having carefully reviewed plaintiff's Complaint, the Court finds that the Complaint does contain sufficient allegations to give defendants fair notice of plaintiff's claims and the grounds upon which they rest. Specifically, the Court finds that plaintiff's Complaint contains detailed factual allegations

regarding the alleged discriminatory conduct and sufficiently apprises defendants of the time period in which she is alleging the discriminatory conduct occurred.

In their reply, defendants assert that the allegations in plaintiff's Complaint do not plausibly show that she is entitled to relief for her ADEA claim. While it is not clear in the Complaint what type of age discrimination plaintiff is alleging, in her response to defendants' motion to dismiss, plaintiff states that she is asserting a hostile work environment claim. To establish a hostile work environment claim, plaintiff must show that "a rational jury could find that the workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005) (internal quotations omitted). Additionally, plaintiff must show that the harassment was based on age. *See Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2004).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has not alleged sufficient factual matter, accepted as true, to state an ADEA hostile work environment claim that is plausible on its face. Specifically, the Court finds that the conduct alleged in the Complaint fails to establish that it is plausible, rather than merely possible, that a rational jury could find that plaintiff's workplace was permeated with age discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive working environment. The well-pleaded facts of the Complaint simply do not permit the Court to infer more than the mere possibility of misconduct. Accordingly, the Court finds that plaintiff's ADEA claim should be dismissed.

C.     Intentional interference with contractual and employment relations claim

Plaintiff alleges that Henderson "intentionally, willfully and maliciously interfered with Plaintiff's contractual and employment relationship with Defendant Meridian with the intent to destroy Plaintiff's professional career at Defendant Meridian." Complaint at ¶ 34.  Plaintiff further alleges that "Henderson's interference with Plaintiff's contractual and employment relationship with Defendant Meridian was neither justified, privileged, nor excusable in that Plaintiff was qualified for her position and was completing her requirements of the contract successfully." *Id.* at ¶ 35.

Under Oklahoma law, to establish a claim of intentional interference with an employee's contractual relationship with her employer, the employee must show that (1) the employee had a contractual right which was interfered with; (2) the interference was wrongful and malicious; (3) the interference was neither justified, privileged, nor excusable; and (4) damages were proximately sustained as a result of the interference. *Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1453 (10th Cir. 1997).  The Oklahoma Supreme Court has held that an employee acting in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer can be held liable for a tortious inference claim. *Martin v. Johnson*, 975 P.2d 889, 896-97 (Okla. 1998). However, "characterizing an employee's conduct as contrary to the interests of the employer cannot be based merely upon the employee's interference with the contract." *Id.* at 897. Additionally, "[t]he interference with contract tort is not designed to protect against an employee acting in good faith but using poor business judgment." *Id.*

Having carefully reviewed the Complaint, the Court finds that plaintiff's allegations in relation to her intentional interference claim are bare conclusory allegations.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."

*Iqbal*, 129 S. Ct. at 1949 (internal quotations and citation omitted).  Additionally, the Court finds that plaintiff has not alleged sufficient factual allegations, accepted as true, to plausibly show that Henderson was acting contrary to the interests of her employer, Meridian.  Accordingly, the Court finds that plaintiff's intentional interference with contractual and employment relations claim should be dismissed.

IV.     Conclusion

        For the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss [docket no. 9] and DISMISSES the instant action.

        **IT IS SO ORDERED this 17th day of August, 2009.**


                                        VICKI MILES-LaGRANGE
                                        CHIEF UNITED STATES DISTRICT JUDGE